**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: 4/19/12              │
└─────────────────────────────────┘
```

UNITED STATES OF AMERICA,                )
on behalf of its agency, the United      )
States Small Business Administration,    )
                                         )
        Plaintiff,                )
                                         )
        v.                        )     12 Civ. 0937 (LAP)
                                         )
L CAPITAL PARTNERS SBIC, L.P.,           )
                                         )
        Defendant.                )
                                         )

## ORDER

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

      1.      L Capital has violated the Small Business Investment Act, 15 U.S.C. 661 *et seq.* (the "Act"), and the Regulations promulgated thereunder at 13 C.F.R. §107.1 *et seq.* (the "Regulations"), as alleged in the Complaint filed in this matter.

      2.      Pursuant to the provisions of 15 U.S.C. § 687c, this Court takes exclusive jurisdiction of L Capital Partners SBIC, L.P. ("L Capital") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed receiver (the "Receiver") of L Capital to serve without bond until further order of this Court.  The Receiver is appointed for the purpose of marshalling and liquidating in an orderly manner all of L Capital's assets and satisfying the claims of creditors thereof in the order of priority as determined by this Court.

      3.      The Receiver shall promptly give notice of its appointment to all known partners, officers, directors, agents, employees, shareholders, creditors and debtors of L

1

Capital, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation or debt to L Capital, until further ordered by this Court, shall pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if L Capital had received such payments.

4.      The Receiver shall give notice of its appointment by complying with the provisions of 28 U.S.C. § 754, specifically by filing copies of the complaint and this Order in the district court for each district in which L Capital's property is located.

5.      Effective upon entry of this Order, the Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partner, managers, officers, directors, investment advisors and other agents of L Capital under applicable state and federal law, by the Certificate of Limited Partnership and Agreement of Limited Partnership of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. Also effective upon entry of this Order, the managers, officers, directors, investment advisors and agents of L Capital are hereby dismissed and the powers of the general partner are hereby suspended. Such persons shall have no authority with respect to L Capital's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of L Capital and shall pursue and preserve all of its claims.

6.      The past and/or present general partners, managers, officers, directors, investment advisors, agents, trustees, attorneys, accountants, and employees of L Capital,

as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to L Capital and its assets and all other assets and property of the corporation, whether real or personal. The former General Partner and/or other agent of L Capital, shall furnish a written statement within ten (10) days after the entry of this Order, listing the identity, location and estimated value of all assets of L Capital as well as the names, addresses and amounts of claims of all known creditors of L Capital. Within thirty (30) days following the entry of this Order, such person shall also furnish a written report describing all assets. All persons having control, custody or possession of any assets or property of L Capital are hereby directed to turn such assets and property over to the Receiver.

       7.      The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of L Capital, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and

3

administration of the receivership.  The Receiver may, without further order of this Court,

transfer, compromise, or otherwise dispose of any asset (including without limitation any

claim), other than real estate.

8.      L Capital's past and/or present partners, officers, directors, agents,

accountants, managers, shareholders, employees, debtors and creditors of L Capital and

other appropriate persons (including without limitation, the defendant's portfolio of small

business concerns and financial institutions doing business with defendant and/or

defendant's portfolio of small business concerns) shall, upon reasonable notice, answer

under oath to the Receiver all questions which the Receiver may put to them in

compliance with the Federal Rules of Civil Procedure, and pursuant thereto shall produce

any documents as required by the Receiver regarding the business of said corporation, or

any other matter relevant to the operation or administration of the receivership or the

collection of funds due to L Capital.  In the event that the Receiver deems it necessary to

require the appearance of the aforementioned persons, the production of documents,

information, or any other discovery concerning the assets, property or business operations

of L Capital, or any other matter relevant to the operation or administration of the

Receivership or the collection of funds due to L Capital, the Receiver shall make its

discovery request(s) in compliance with the notice, subpoena and other Federal Rules of

Civil Procedure.

9.      The parties or prospective parties to any and all civil legal proceedings

wherever located, including, but not limited to arbitration proceedings, bankruptcy or

foreclosure actions, default proceedings, or any other proceedings involving (i) L Capital,

(ii) any assets of L Capital, (iii) the Receiver for L Capital or (iv) L Capital's present or

4

past officers, directors, managers, or general partners (including the managers or members of such general partner) to the extent said civil legal proceedings involve any action taken by them while acting in their official capacity with L Capital, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature without further order of this Court.

10.     All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving (i) L Capital, (ii) any of assets of L Capital, (iii) the Receiver for L Capital or (iv) L Capital's present or past officers, directors, managers, or general partners (including the managers or members of such general partner) to the extent said civil legal proceedings involve any action taken in their official capacity for L Capital, are stayed in their entirety, and all courts having any jurisdiction thereof are enjoined from taking or permitting any action in such proceedings until further Order of this Court.

11.     Further, as to a cause of action accrued or accruing in favor of L Capital against a third person or party, any applicable statute of limitations is tolled to the extent allowed by applicable law during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

12.     L Capital and its past and/or present  managers, general partner or limited partners, officers, directors, agents, investment advisors, employees and other persons acting in concert or participating therewith are hereby enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of L Capital to the detriment of the Receiver

5

appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 *et seq*., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

13.     The Receiver is authorized to borrow on behalf of L Capital, from the SBA, up to $3,000,000, and is authorized to cause L Capital to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum, which is reflective of the premium treasury rate charged by SBA, and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of L Capital, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of partners of L Capital.

14.     After completing its activities in accordance with this Order, the Receiver may recommend that L Capital's license as an SBIC be revoked and that control of the limited partnership be returned to L Capital's general partner and/or its designee or successor in interest.

15.    Judgment is hereby entered in the principal amount of $5,850,000, plus $243,557.87 in accrued interest through February 10, 2012, with a per diem rate of $712.16 through the date of judgment, together with post judgment interest pursuant to 28 U.S.C. § 1961.

Dated:   New York, New York
         *April 19*, 2012

                                    SO ORDERED:

                                    _____
                                    HON. LORETTA A. PRESKA
                                    UNITED STATES DISTRICT JUDGE

7