PREET BHARARA
United States Attorney for the
Southern District of New York
By: REBECCA S. TINIO
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
T: (212) 637-2774
F: (212) 637-2702

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, on behalf of its agency, the United States Small Business Administration, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 12 Civ. 0937 (LAP) |
| L CAPITAL PARTNERS SBIC, L.P. | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR ENTRY OF AN ORDER LIFTING
THE JUDICIAL STAY FOR A LIMITED PURPOSE**

In support of its motion for an order lifting the judicial stay in this case for a limited purpose, the United States, on behalf of its agency the United States Small Business Administration ("SBA"), which is the Receiver ("the Receiver") for L Capital Partners SBIC, L.P. ("L Capital"), hereby states as follows:

The order appointing the Receiver was entered by this Court on April 19, 2012 (the "Receivership Order"). *See* Dkt. No. 14. Pursuant to paragraph 2 of the Receivership Order, the Receiver is empowered to assume and control the operations of L Capital and to pursue and preserve all of its claims. *Id.* Pursuant to paragraphs 9 and 10

1

of the Receivership Order and the grant of exclusive jurisdiction conferred upon this Court by 15 U.S.C. § 687(c), all parties to any litigation involving L Capital and/or its assets are enjoined from taking legal action, and all civil legal proceedings involving L Capital and/or its assets are stayed, unless this Court orders otherwise. *See* Dkt. No. 14.

## BACKGROUND

L Capital's official books and records indicate that L Capital holds an approximately 40% equity interest in a private company called Simparel, Inc. ("Simparel"), which interest resulted from a pre-receivership investment by L Capital of $4 million. *See* Declaration of Gerry Poirier, dated December 31, 2013 (hereinafter "Poirier Dec.") ¶ 5. Simparel's sole product is Enterprise Resource Planning ("ERP") software. *Id.* In December 2013, the Receiver was informed that former employees and members of Simparel had obtained Simparel's intellectual property, the ERP software, and published it on a competing website on or about December 5, 2013. *Id.* ¶ 6. Although Simparel's proprietary information has been removed from the competing website, the company would like to commence affirmative action so that no misuse of Simparel's proprietary information occurs. *Id.*

The Receiver concurs with Simparel's proposed course of action of filing suit in the Southern District of New York for copyright infringement, trade secret misappropriation, unfair competition and other related claims, and believes that filing such a suit is in the best interest of the receivership estate because affirmative action by Simparel will also be beneficial to its investor, L Capital. *Id.* ¶ 7. The prospective legal proceeding is to be filed separately as a matter unrelated to this receivership

2

administrative action, and Simparel will select and retain its own counsel, to which the Receiver has no objection. *Id.* ¶ 8.

## DISCUSSION

It is appropriate to lift the judicial stay in this matter for the limited purpose of allowing Simparel, Inc. to file suit protecting its proprietary information, because the factors that courts consider in evaluating whether to lift a stay are satisfied. In determining whether to lift a judicial stay, courts have considered whether the moving party will suffer substantial injury if not permitted to proceed, the point in the course of the receivership at which the motion for relief from the stay is made, and the merit of the moving party's underlying claim. *See, e.g.*, *S.E.C. v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984); *United States v. Acorn Tech. Fund*, 429 F.3d 438, 443 (3d. Cir. 2005).

After reviewing the information provided by Simparel, the Receiver believes that Simparel (and, by extension, L Capital, as a 40% stakeholder in Simparel) will suffer substantial injury if not permitted to proceed. As detailed in the Poirier declaration, Simparel's only product, the ERP software, was recently publicly disclosed on a competing website by former members and employees. *See* Poirier Dec. ¶¶ 5-6. Although the software has since been removed from the competing website, *id.* ¶ 6, it is apparent that these former members and employees possess Simparel's only product and may publish it again, potentially causing serious injury to Simparel. Therefore, any decision not to lift the stay would not preserve the status quo but would, in fact, potentially endanger Simparel (and, by extension, L Capital).

Second, lifting the judicial stay for the limited purpose described herein is appropriate at this stage of the receivership proceedings. One of the principal purposes of

the injunctive provisions of paragraphs 9 and 10 of the Receivership Order is to provide the requisite time necessary for the Receiver to fully investigate the facts surrounding the assets of the receivership estate in order to determine the proper method of liquidating the assets. At the same time, the injunctive provisions prevent all others who may have a claim against the same asset from enforcing their claims to the possible detriment of the receivership estate. At this point, the Receiver has sufficiently informed itself of the facts and circumstances relating not only to the receivership of L Capital but also to the circumstances surrounding the intellectual property concerns of Simparel, by, for example, attending Simparel board meetings and discussing the issue with Simparel's officers and counsel. *See* Poirier Dec. ¶ 4. The Receiver does not believe there is any impediment at this point in the receivership proceedings to lifting the judicial stay for the limited purpose of allowing Simparel to act to protect its proprietary information.

Finally, after reviewing the information provided by Simparel, the Receiver believes that Simparel's prospective lawsuit arising from the public disclosure of Simparel's only product has merit. *Id.* ¶¶ 4, 6. Moreover, the Receiver has determined that affirmative action by Simparel provides the best protection for the company and the best means of protecting a receivership asset and potential source of recovery. *Id.* ¶¶ 7, 9.

## CONCLUSION

For the reasons outlined herein, Plaintiff respectfully requests that the Court grant its Motion and enter the proposed Order submitted herewith, lifting the judicial stay for the limited purpose of allowing Simperal, Inc. to file a lawsuit seeking to protect its proprietary information.

Dated: January 2, 2014  
      New York, New York

Respectfully submitted,

PREET BHARARA  
United States Attorney for the  
Southern District of New York  
Attorney for Plaintiff the United  
States of America

By:   /s/ *Rebecca S. Tinio*  
REBECCA S. TINIO  
Assistant United States Attorney  
86 Chambers Street, 3rd Floor  
New York, New York 10007  
Telephone: (212) 637-2774  
Facsimile: (212) 637-2702