IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA :
:
Plaintiff, :
: 12 Civil No. 0937 (LAP)
v. :
:
L CAPITAL PARTNERS SBIC, L.P. :
:
Defendant. :
_____

RECEIVER'S SECOND REPORT FOR THE PERIOD
MAY 1, 2013 THROUGH APRIL 30, 2014

This Second Receiver's Report ("Receiver's Report") is being filed with this Court by the U.S. Small Business Administration ("SBA" or "Receiver"), which was appointed Receiver for L Capital Partners SBIC, L.P., ("L Capital") pursuant to the Order of this Court dated April 19, 2012. The Receiver's Report will detail the activities of the Receivership for the period from May 1, 2013 through April 30, 2014 as well as summarize the background of the Receivership and its cash position as of April 30, 2014. The accounting schedule accompanying this report covers the period from May 1, 2013 through April 30, 2014. Where significant events and activities have occurred subsequent to preparation of the accounting schedule but before the submission of this report to the Court, they are also reported herein.

I. BACKGROUND

L Capital, a Delaware Limited Partnership, was licensed as a Small Business Investment Company (hereinafter "SBIC") by SBA. L Capital was licensed on September 24, 2004 (License No 02/72-0634) under Section 301(c) of the Small Business

1

Investment Act, 15 U.S.C. §681d ("Act"), to provide loans and equity capital to small business concerns ("SBCs") under the aforesaid Act and the Regulations promulgated thereunder at 13 C.F.R. §107.1 et. seq. ("the Regulations").

According to L Capital corporate records, the partners and former managers of these funds were Jonathan Leitersdorf, Managing Director, L Capital Partners SBIC, L.P. and Oded Weiss, Managing Director, L Capital Partners SBIC, L.P. On behalf of the SBA, the United States of America filed a complaint with this Court asserting that L Capital had violated the Act and the Regulations. On April 19, 2012 this court issued its Order ("Receivership Order") appointing SBA as permanent receiver for L Capital.

The Receivership Order provides that this Court has taken exclusive jurisdiction of L Capital and all of L Capital's assets, wherever located, and that SBA has been appointed permanent receiver of L Capital for the purpose of liquidating the assets of L Capital to satisfy the claims of its creditors. In addition, the Receivership Order stayed all legal proceedings involving L Capital or any assets of the Fund, and enjoined all persons from initiating any civil proceedings involving L Capital or any assets of this Fund. L Capital was formerly operated from the office of its general partner L Capital Holdings LLC at 10 East 53rd Street, 37th Floor New York, NY 10022.

In its April 19, 2012 order appointing the Receiver, which order was submitted to this Court by SBA, this Court entered a judgment in favor of SBA and against L Capital in the amount of $5,850,000 in principal and accrued interest of $243,557.87 as of February 10, 2012. On January 28, 2013, the Receiver filed a motion amending the court ordered judgment because it was discovered that accrued interest for this judgment was understated by $103,476 as SBA had inadvertently charged off the accrued interest from

2

September 1, 2010 through March 1, 2011. Also, the date through which the accrued interest was originally calculated was incorrect. That date should have been through February 10, 2012. Thus, the correct amount of accrued interest due from L Capital to SBA that should be reflected in the judgment was $349,882 through February 10, 2012.

The correct amount of the judgment against L Capital and in favor of SBA was $6,199,882 consisting of $5,850,000 in principal and $349,882 in accrued interest through February 10, 2012. The Receiver's motion to amend the April 19, 2012 Judgment in favor of SBA was granted by this court on February 4, 2013. Pursuant to the Receivership Order, the receivership estate is authorized to borrow up to a maximum of $3,000,000.

In April 2013, the Receiver executed a Receiver Certificate for $200,000 to pay for operational and administrative expenses which was fully repaid plus accrued interest of $36,547.95 on 3/7/14.

## II. OPERATION OF THE RECEIVERSHIP

A.  <u>General Operations</u>

The overall function of the Receiver is to identify, marshal and liquidate the assets of L Capital. In furtherance of this objective, the Receiver obtained information with respect to the business of L Capital and other information relevant to the operations and administration of the Receivership by meeting and conferring with the former officers, directors, attorneys, independent accountants and other persons. In addition, the Receiver's agents have analyzed the records maintained by the SBA, and the records maintained by L Capital. Subsequently, the Receiver prepared a schedule and analysis of the Fund's assets, and further analyzed the debts, claims and legal proceedings involving

3

L Capital, whether as claimant or debtor, plaintiff or defendant. The Receiver has continued its administration and liquidation efforts from the period of May 1, 2013 through April 30, 2014 and the specific actions taken are discussed in greater detail below.

The net proceeds of liquidation will be used to satisfy the claims of creditors in the order of priority of such claims, as determined by this Court. The Claims Bar Date procedures requested by the Receiver to establish the L Capital creditor pool and distribution priority are more fully described in Section IV, Item A.

B.  Notice of Receivership

In accordance with paragraph 4 of the Receivership Order, the Receiver has given written notice of its appointment to the relevant individuals and entities; to the extent the Receiver has been able to obtain correct mailing addresses. Through tracing companies, postal service and telephone company inquiries, business information services, inquiries to other SBCs and SBICs operating in or providing business financing in the same communities, and other means, the Receiver has sought a current address for each letter returned. In addition, the Receiver sent notices of its appointment to all United States District Courts, in accordance with 28 U.S.C. §754.

C.  Receivership Personnel

Pursuant to paragraph 5 of the Receivership Order, the Receiver has retained attorneys, accountants and other professionals to assist in operating the receivership, including the examination of L Capital's former operations and financings, pursuing the claims of L Capital which may result in monetary recovery, maintaining the books and records of L Capital and the Receivership, and preparing state and federal tax returns as

4

well as corporate filings. Specifically, the Receiver retained Equity Growth Partners, LLC as principal agent for the Receiver with Gerry M. Poirier, Managing Member, acting as the primary member, The Riggs Group, P.C. as accountants for the Receiver, Recovery Support Services, Inc. for administrative support for the Receiver and Steve Parker from the law firm of Ober Kaler as securities counsel to the Receiver.

D.   Accounting and Tax Matters

Promptly after its appointment, the Receiver notified all taxing authorities that L Capital had been placed into federal receivership and that this Court has exclusive jurisdiction of all matters involving the L Capital receivership estate. All tax return filings are current.

E.   Corporate Compliance

L Capital is a Delaware Limited Partnership. Promptly after its appointment, the Receiver notified the Secretary of State for Delaware and New York that L Capital had been placed into receivership. The Receiver is current on all its obligations to those states.

F.   Receivership Accounts

At the start of the Receivership, L Capital turned over $20,898.10 to the Receiver, representing all remaining funds from L Capital's operating account. Those funds, as well as funds from all recoveries, have been deposited in an FDIC insured trust account pursuant to a managing agency agreement with BB&T Bank, Winston-Salem, NC.

G.   Miscellaneous Operational Matters

The Receivership is operated, and maintains all of L Capital records, from its Receivership Office, located at 1100 G Street, N.W., Suite 1100, Washington, D.C.

20005. The L Capital receivership estate shares office space, overhead expenses and administrative services with approximately thirty (30) other receiverships. This arrangement has been beneficial to L Capital as operating costs for the Receivership have been diminished by such sharing of costs, as well as by the use of government services and telephone lines. The rent, overhead expenses and administrative expenses pertaining to the operation of the office are administered by Recovery Support Services, Inc. Accounting services are provided by The Riggs Group, Inc. The expenses are then allocated each month, after accounts are reconciled, to the other receiverships, including L Capital.

## III. ASSET ACCOUNTS

The Receiver has identified and located known operating accounts and has ascertained the payment status of the assets of L Capital, to preserve and pursue all claims as required by the Receivership Order. Upon entry of the Receivership Order on April 19, 2012, the Receiver took possession of the files and records maintained by prior management of L Capital and established records and accounts for the period from the inception of the Receivership to the present. There are no L Capital furnishings or office equipment, as all office equipment and furnishings were owned by L Capital Holdings, LLC.

During the period of this report, the Receiver has held discussions with several parties interested in acquiring assets of L Capital. Offers for specific assets have been accepted and closed, and other offers are currently in negotiation. Specific details to asset sales are further described within this report.

A. <u>Cash</u>

As discussed above, the Receiver has sold assets and paid expenses during the period of May 1, 2013 and April 30, 2014. All cash collected has been deposited into accounts at BB&T, Winston-Salem, NC in the name of SBA as Receiver for L Capital.

B. L Capital Portfolio Concerns

Described on the following pages, is a summary of each L Capital portfolio concern with: (i) an overview of company products or services, (ii) a summary of the original investment amount and (iii) a description of the investment, its current status and actions taken on each of the investments.

1. Aquarius, Inc.

Aquarius located in Port Washington, WI, is a privately held company that provides solutions for wastewater treatment in industrial and municipal applications. The company has developed technologies to be used with multi stage activated biological processes as well as conventional diffused aeration applications. L Capital invested approximately $6.89 million in the company in a series of financings and owns approximately 37% of the company on a fully diluted basis. The Receiver is currently evaluating exit alternatives and is in discussions with several potential investors in an effort to sell L Capital's interest in the company and will report any progress to this Court in the next Receiver's Report.

2. Evogen, Inc. (formerly Sceptor Industries, Inc.)

Evogen located in Kenexa, KS is a privately held company that has developed global biological detection technology focusing on high definition molecular diagnostic systems. The company provides bio-security systems for the

7

food, water and agricultural safety markets as well as indoor air quality and environmental markets. L Capital invested approximately $5.52 million in Evogen and currently owns approximately 30% of the company on a fully diluted basis. The Receiver is currently evaluating alternative exit options in an effort to sell L Capital's interest in the company and will report any progress to this Court in the next Receiver's Report.

3. Hi-G-Tek, Inc.

Hi-G-Tek located in Rockville, MD is a privately held company that designs and delivers remote wireless monitoring systems based on 2-way RFID technology. The company's wireless monitoring platform incorporates electronic tags, seals and locks with readers, accessories and software. Applications include securing cargo and containers in transit providing real-time monitoring of assets. L Capital's investment of approximately $3.19 million in the company was converted pre receivership to a debenture security pursuant to a management buyout transaction. The Receiver is currently evaluating alternative exit options and is in discussions with several potential investors in an effort to sell L Capital's interest in the company and will report any progress to this Court in the next Receiver's Report.

4. IntraPace, Inc.

IntraPace located in Mountain View, CA is a privately held medical device company that has developed a product to treat metabolic conditions with a laparoscopic gastric pacemaker / sensor device for the treatment of obesity. The IntraPace system is designed to enable patients to achieve and sustain weight loss

8

without the anatomical changes associated with current bariatric surgery. L Capital invested approximately $4.87 million in IntraPace and owns approximately 5.4% of the company on a fully diluted basis. The Receiver is currently evaluating alternative exit options in an effort to sell L Capital's interest in the company and will report any progress to this Court in the next Receiver's Report.

5. iScience Interventional Corporation

iScience Interventional located in Menlo Park, CA, is a privately held company that develops ophthalmology technology for micro catheter and imaging devices that enable ophthalmologists to deliver site-specific ocular therapies. The company's technology focuses on the treatment of Glaucoma and retinal disorders as well as age-related macular degeneration. L Capital invested $2 million into iScience and currently owns approximately 3.7% of the company on a fully diluted basis. Pre receivership, L Capital was unable to invest pro-rata funds in iScience and sold an economic interest in iScience to a secondary market fund, Sightline Healthcare Opportunity Fund LLC, in several transactions. As a consequence of these agreements, Sightline retained an aggregate $790,104 interest in L Capital's investment in iScience, as well as a 30% interest in any proceeds that exceed the aggregate investment amounts in exchange for the pro-rata participation in the financing. The Receiver is currently evaluating alternative exit options to sell L Capital's interest in the company and will report any progress to this Court in the next Receiver's Report.

6. Proxy Aviation Systems, Inc.

Proxy Aviation Systems located in Gaithersburg, MD is a privately held company that has developed an unmanned aircraft system (UAS – DRONE) designed to execute both low-end strategic and high-end tactical intelligence, reconnaissance, and surveillance missions. The fully autonomous, optionally piloted UAS is designed for use by the United States military, the Department of Homeland Security, and in emerging civil and international applications. The company has developed multi-aircraft cooperative flight control systems that can be adapted to a wide range of piloted aircraft and Unmanned Aerial Vehicle (UAV) platforms. L Capital invested approximately $16.25 million in the company in a series of financings and currently owns a minority position of under 15% of the company on a fully diluted basis. The Receiver is currently evaluating alternative exit options and is in discussions with several potential investors in an effort to sell L Capital's interest in the company and will report any progress to this Court in the next Receiver's Report.

7. Simparel, Inc.

Simparel located in New York, NY, is a privately held company that has developed a new generation of Enterprise Resource Planning (ERP) software targeted toward the fashion and apparel industry. The company's technology provides global supply chain solutions to apparel businesses that operate multinational supply chain operations. Pre receivership, the Receiver invested approximately $3.27 million in Simparel and owns approximately 37.5% of the company on a fully diluted basis. The Receiver recently participated in a new round of financing at the company on December 2, 2014 and invested $770,000 to

acquire 1,026,667 shares. Funds from this financing are to be used to grow the company and expand sales momentum in order to obtain a potential exit in the future. The Receiver is currently evaluating alternative exit options in an effort to sell L Capital's interest in the company and will report any progress to this Court in the next Receiver's Report.

8. WiSpry, Inc.

WiSpry, Inc. located in Irvine, CA, is a privately held company that is developing tunable radio frequency (RF) semiconductor products for the wireless industry. The company designs and markets RF silicon integrated circuits, components and modules for radio frequency system manufacturers of wireless products. Using the company's micro-electro-mechanical systems (RF-MEMS) technology, WiSpry is developing a system that enables the integration of reconfigurable and tunable RF front-end modules for wireless applications. L Capital invested approximately $14.17 million in the company in a series of financings and owns approximately 14% of the company on a fully diluted basis. The Receiver is currently evaluating alternative exit options in an effort to sell L Capital's interest in the company and will report any progress to this Court in the next Receiver's Report.

C. L Capital Portfolio:  Sold or Closed Assets May 1, 2013 – April 30, 2014

1. L Capital's position including all debt and equity securities in On Path Technologies, Inc. was sold on October 31, 2012 to a third party acquirer. The Receiver received a total of $11,155,072.80 in proceeds in this transaction. Agent collected the first payment of $372,762.72 from the sale agreement Escrow

Account on November 6, 2103 which was deposited into the Receivers account. It is anticipated that the 2nd and final Escrow payment from this sale agreement will be distributed in November 2014.

2. L Capital's position including all debt and equity securities in Locus Pharmaceuticals, Inc. was sold on December 20, 2013 to a third party acquirer. Pursuant to the transaction, the Receiver received a total of $152,594.3 in proceeds which was deposited into the Receiver's account.

3. Peek Inc. was dissolved by its board of directors and the investment was written off by the Receiver on 12/31/13.

4. CeNeRx BioPharma, Inc. was dissolved by its board of directors and the investment was written off by the Receiver on 12/31/13.

## IV. LIABILITIES OF L CAPITAL

A.  <u>Claims Bar Date Procedure</u>

In order to determine the existence, validity and priority of any claims against L Capital the Receiver, on November 1, 2012, filed a motion requesting this Court to issue an order 1) approving procedures for notifying all persons or entities who may have claims against the Receivership estate that they must file such claims with the Receiver, and 2) setting a deadline for receipt of all such claims.

Pursuant to this Court's Order of November 20, 2012 ("Claims Order"), the Receiver solicited claims against L Capital and this Receivership for submission by the Claims Bar Date of January 21, 2013. The Receiver made its solicitations pursuant to direct mailings sent to known prospective claimants as well as notices published once a

week for two weeks in *The New York Daily News*. The recommendation on the disposition of claims was filed with the court on August 19, 2013. The order was entered by the court on September 6, 2013.

**The following nine general unsecured claims were received:**

- Hogan Lovell's US, LLP 555 Thirteenth Street, NW Washington, DC 20004. Claim was for unpaid legal fees and professional services of $67,877.68. The Receiver recommended approval of this claim as the Receiver confirmed its validity.

- DMLT, LLC 1731 Kings Avenue South, Brandon, FL 33511. Claim was for unpaid hosting agreement and extranet website of $2,449.69. The Receiver recommended approval of this claim as the Receiver confirmed its validity.

- McGladrey, LLP 1185 Avenue of the America, New York, NY 10036. Claim was for unpaid accounting and professional services of $48,400. The Receiver recommended approval of this claim as the Receiver has confirmed its validity.

- National Registered Agents, Inc. PO Box 12432 Newark, NJ 07101. Claim is for unpaid fees for state statutory representation of $242. The Receiver recommended approval this claim as it the Receiver confirmed its validity.

- Pepper Hamilton, LLP 4000 Town Center, Suite 1800, Southfield, MN 48075. Claim was for unpaid legal fees and professional services of $5,616.30. The Receiver recommended approval of this claim as the

Receiver confirmed its validity.

- DLA Piper, LLP 2000 University Avenue, East Palo Alto, CA 94303. Claim was for unpaid legal and professional services of $2,363. The Receiver recommended approval of this claim as the Receiver confirmed its validity.

- Reed Smith, LP 1510 Page Mill Road Suite 110, Palo Alto, CA 94304. Claim is for unpaid legal and professional services of $4,635. The Receiver recommended approval of this claim as the Receiver confirmed its validity.

- Jonathan Leitersdorf and L Capital Management, LP, the former Managing Director of the SBIC 10 East 53rd, 37th floor, New York, NY 10022. Claim for $58,915 and was submitted for expenses paid by Jonathan Leitersdorf on behalf of L CAP. The Receiver recommended approval of this claim as the Receiver confirmed the validity of these invoices.

- Westminster Capital Advisors, LLC 45 Rockefeller Plaza, Suite 2000, New York, NY 10111. Claim was for unpaid retainer for advisory and professional services of $25,000. The Receiver recommended approval of this claim as the Receiver confirmed its validity.

The nine Claims (noted above) were processed and fully paid pursuant to the Claims Bar Date process on February 7, 2014.

Claim for Add On investments by the SBA: U.S. Small Business Administration ("SBA") 409 3rd Street, SW Suite 6300, Washington, DC 20416. This was a claim for

14

loans made in addition to the leverage provided by SBA as identified in the Receivership Order was submitted to the Receiver by the Claims Bar Date of January 21, 2013. The claim encompassed five debt instruments and totaled $3,446,330, plus all accrued and unpaid interest due at the time of payment as follows:

- Loan: 0620634106. June 23, 2011 for $744,000 plus interest on the outstanding balance at the rate of 4.35% per loan agreement dated June 15, 2011. *(Principal balance and accrued and unpaid interest shall be due and payable at 24 months.)*

- Loan: 0620634204. September 27, 2011 for $415,000 plus interest on the outstanding balance at the rate of 4.35% per loan agreement. *(Principal balance and accrued and unpaid interest shall be due and payable at 24 months.)*

- Loan: 0620634302. November 9, 2011 for $900,000 plus interest on the outstanding balance at the rate of 4.35% per loan agreement. *(Principal balance and accrued and unpaid interest shall be due and payable at 24 months.)*

- Loan: 0620634400. December 5, 2011 for $1,000,000 plus interest on the outstanding balance at the rate of 4.35% per loan agreement. *(Principal balance and accrued and unpaid interest shall be due and payable at 24 months.)*

- Loan: 0620634509. March 22, 2012 for $387,330 plus interest on the outstanding balance at the rate of 4.35% per loan agreement. *(Principal balance and accrued and unpaid interest shall be due and payable at 24 months.)*

*months.)* The Receiver recommended approval of these claims as the Receiver confirmed their validity. Pursuant to the Claims Bar Date process, fifty percent of all principal and interest due on these five notes were paid by the Receiver on April 4, 2014.

The following 4 limited partner investor claims were received:

- Thunderball Marketing 10 Cragwood Road, Avenel, NJ 07001 for limited partner investment amount of $500,000.

- Menora Mivatachim Insurance 115 Allenby Street, Tel Aviv, Israel for limited partner investment amount of $2,500,000.

- Menora Mivatachim Pensions 7 Jabotinsky Street, Ramat Gan, Israel for limited partner investment amount of $1,000,000.

- Shriebman Family Partners 519 Mable Mason Cove, PO Box 177, La Vergne, TN 37086 for limited partner investment amount of $1,000,000.

The four (4) limited partner claims (noted above) were denied as creditor claims but their position as a limited partner investment was recognized and honored as set forth in the claims bar date recommendation.

The following 2 additional claims were received:

- Sightline Healthcare 50 South 6th Street, Suite 1490 Minneapolis, MN 55402. Claim is for $790,104 as an investment in iScience Interventional Corporation, an L CAP asset. Sightline amended their claim to state their ownership rights & 30% proceeds (in excess of Sightline's invested amount) from the sale of a single asset, (IScience). This claim was denied as a creditor claim but Sightline's direct investment in the IScience asset

16

was recognized and honored as set forth in the investment documentation executed by the SBIC.

- Jonathan Leitersdorf, ("JL") President of L Capital Management Company, on behalf of the former management team of L CAP, filed an amended claim to seek unpaid accrued management fees for management of LCAP pre-receivership in the amount of $1,759,843.16. This amount was confirmed by the Receiver's accounting group. The Receiver recommended approval of this claim as the Receiver confirmed its validity. Payment is by agreement subordinated to the payment in full of the SBA's outstanding leverage as described above.

- During the 30 day appeal process, (through October 7, 2013) the Receiver received one appeal from Mr. Shriebman for his LP investment. A letter was drafted and forwarded to Mr Shriebman in response affirming the Receiver's recommendation because no additional information was provided to support his appeal. The Receiver received no further correspondence relating to Mr Shriebman's claim.

## V. LITIGATION

The Receiver recently issued a Demand Notice to former management to collect overpaid management fees of $240,503.27 in a letter dated, April 9, 2014. Agent will report back on progress made in collecting these overpaid management fees to this Court in the next Receiver's Report.

17

## VI. RECEIPTS AND DISBURSEMENTS

The attached schedule sets forth receipts and disbursements for the period from May 1, 2013 through April 30, 2014.

## VII. CONCLUSION

This Receiver's Report was prepared by Equity Growth Partners, LLC, as Principal Agent for the Receiver, with Gerry M. Poirier as its Managing Member and with financial and accounting information provided by The Riggs Group, P.C.

Respectfully submitted,

U.S. SMALL BUSINESS ADMINISTRATION
As Receiver for L Capital Partners SBIC L.P.

Dated: 7/17/14    _____
Gerry M. Poirier for
Equity Growth Partners, LLC as
Principal Agent for the Receiver

18